IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FAITH WALKER, | Case No. 3:25-cv-00243-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| LINES FOR LIFE, an Oregon Corporation, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Defendant Lines for Life ("LFL") moves to partially dismiss plaintiff Faith Walker's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, LFL's motion is granted.

Page 1 – FINDINGS AND RECOMMENDATION

BACKGROUND

Plaintiff was employed by LFL as a Crisis Intervention Specialist from June 2022 until July 2023, at which point plaintiff alleges she was constructively discharged due to a racially hostile work environment. Compl. ¶¶ 7-21 (doc. 1).

On February 12, 2025, plaintiff initiated this action, asserting race-based discrimination and retaliation claims under 42 U.S.C. § 1981, Title VII, and Or. Rev. Stat. § 659A.030(1). Plaintiff also alleges claims under the Family Medical Leave Act and Oregon Family Leave Act ("OFLA"), as well as for common law wrongful discharge. In terms of administrative exhaustion, the complaint states:

> Plaintiff filed timely claims with the Oregon Bureau of Labor and Industries, which were dual-filed with the EEOC under the agencies' work-sharing agreement. BOLI found that Plaintiff was protected by Oregon law during her employment with LFL and issued a Determination of Substantial Evidence that LFL discriminated against Plaintiff based on her race in violation of Oregon law. BOLI issued a notice of right to sue on November 24, 2024 . . . This action is filed in a timely manner within the 90-day time period for both the BOLI and EEOC notice of right to sue.

*Id.* at ¶ 4.

On March 11, 2025, LFL filed the present motion to dismiss solely in regard to plaintiff's OFLA claim. Briefing was completed in regard to that motion April 17, 2025.

STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than

a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

LFL contends plaintiff's OFLA claim is time-barred because "the statute of limitations [is] one year" and the complaint was filed outside of that period. Def.'s Mot. Dismiss 2-3 (doc. 5). In so arguing, LFL acknowledges that plaintiff "received a right to sue from BOLI on November 24, 2024, [but] she does not allege (nor could she) that the BOLI claim she filed raised a violation of [the OFLA]."[1] *Id.* at 3. As a result, LFL maintains that "the filing of a BOLI charge does not toll the statute of limitations." *Id.*

Plaintiff opposes LFL's motion on the ground that the complaint "states facts, and supports inferences, that make it plausible she can prove timeliness under the statute of limitations." Pl.'s Resp. to Mot. Dismiss 2 (doc. 8). Plaintiff then goes on to note the complaint "does not specify with particularity which legal claims [or factual allegations] she brought . . . before the agencies" – such that it would be improper for the Court to consider the BOLI charge itself or issues surrounding "EEOC exhaustion [prior to] a summary judgment motion" – but argues that "it defies reason to suggest that BOLI would not have naturally investigated the OFLA retaliation claim that developed as a direct result of the race and whistleblower retaliation." *Id.* at 2, 4, 6-7. Essentially, plaintiff maintains there is an open factual question surrounding whether her OFLA claim was

---

[1] LFL attaches a copy of plaintiff's BOLI charge in conjunction with its reply brief. Def.'s Reply to Mot. Dismiss 2 (doc. 11); Copple Decl. Ex. A (doc. 12).

Page 3 – FINDINGS AND RECOMMENDATION

properly exhausted and/or timely, such that discovery should be allowed to proceed in regard to all eleven claims.

Because it is undisputed that the OFLA imposes a one-year statute of limitations and plaintiff filed this lawsuit within 90 days of BOLI's right to sue letter, the resolution of defendant's motion hinges on whether plaintiff's allegations surrounding medical leave are "like or reasonably related to" those included in her BOLI charge so as to bring them "within the scope" of the administrative investigation. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *see also Tran v. Tyco Elecs. Corp.*, 2009 WL 10732482, *5-6 (D. Or. Nov. 20, 2009) (discussing the requirements for BOLI administrative exhaustion). In making this assessment, the court construes the plaintiff's administrative charge "with the utmost liberality in her favor." *Anderson v. Am. Airlines, Inc.*, 252 Fed.Appx. 166, 167 (9th Cir. 2007) (citation and internal quotations omitted).

Initially, the Court finds that the complaint incorporates plaintiff's BOLI charge by reference. *See Gimby v. Or. Health & Sci. Univ. Sch. of Nursing*, 2024 WL 3027858, *2-3 (D. Or. June 14, 2024) (discussing the doctrine of incorporation by reference); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (court may take judicial notice of extrinsic documents that are undisputed and integral to the plaintiff's claims). Indeed, this District routinely considers BOLI charges pursuant to Rule 12(b)(6) motions where, as here, they are referenced in the complaint and their authenticity are uncontested. *See, e.g., Knox v. City of Portland*, 2006 WL 2233482, *2 n.1 (D. Or. Aug. 3, 2006); *Belciu v. Legacy Health*, 2024 WL 3293896, *1 n.2 (D. Or. May 22), *adopted by* 2024 WL 3292909 (D. Or. July 3, 2024); *see also Worley v. Pite Duncan, LLP*, 2014 WL 793076, *5 (D. Or. Feb. 23, 2014), *aff'd*, 649 Fed.Appx. 574 (9th Cir. 2016) (while the court is required to accept the complaint's well-pleaded allegations

Page 4 – FINDINGS AND RECOMMENDATION

as true, "the fact remains that [plaintiffs] cannot insulate themselves against dismissal by omitting reference to relevant facts or documents") (citation omitted).

The entirety of plaintiff's BOLI charge states:

> I allege unlawful employment practices on the basis of my race in that Respondent subjected me to different terms and conditions of employment and separated me from my employment.
> 1. I began working for Respondent on June 6, 2022. I worked as a remote 988 suicide prevention crisis hotline specialist.
> 2. Respondent is based in Multnomah County. I worked for Respondent remotely from South Carolina.
> 3. I am Black/African American.
> 4. Respondent subjected me to different terms and conditions of employment because of my race. Examples include:
>     a. I was subjected to harsher discipline than other co-workers.
>     b. I was placed on administrative leave.
>     c. On or about December 1, 2022, a co-worker agreed when a caller referred to me as a "sassy Black girl."
> 5. When I complained about the co-worker, Respondent discharged this person, but the retaliation continued.
> 6. Several co-workers have resigned because of the poor treatment.
> 7. Respondent laid me off on June 30, 2023.
>
> Respondent subjected me to different terms and conditions of employment and separated me from my employment because of my Race.

Copple Decl. Ex. A (doc. 12). As such, plaintiff's administrative charge does not mention the OFLA or that she took any form of leave (medical, protected, or otherwise).

It is well-established that different theories of discrimination/retaliation are not interchangeable for administrative exhaustion purposes. *See Tran*, 2009 WL 10732482 at *5-6 (BOLI charge, which "alleged discrimination and retaliation based on race," did "not provide adequate notice to [the defendant of the plaintiff's] disability or age-discrimination claims"); *Anderson*, 252 Fed.Appx. at 167 (allegations of national origin discrimination "would not reasonably trigger an investigation into a claim of retaliation for taking medical leave, as the claims involve totally different kinds of allegedly improper conduct") (citation and internal quotations omitted); *see also Leong*, 347 F.3d at 1122 ("disability claim [that] relie[d] on a different theory

Page 5 – FINDINGS AND RECOMMENDATION

and a different statute" could not reasonably be expected to grow out of race-related administrative charge); *Hungate v. Winter*, 2007 WL 1975436, *5 (S.D. Cal. May 3, 2007), *aff'd*, 302 Fed.Appx. 579 (9th Cir. 2008) ("[a] theory of discrimination cannot be alleged for the first time in district court even when the theory arises out of the same conduct underlying a different charge of discrimination filed with the EEOC"); *Sturgill v. Am. Red Cross*, 2023 WL 8701293, *11 (E.D. Mich. Dec. 15, 2023) (merely pleading failure to accommodate claim in vaccine-related religious discrimination case does not "open the door" to other "entirely new theories").

The Court is sympathetic to plaintiff's position that her need for medical treatment and leave was born out of the allegedly racially hostile work environment perpetuated by LFL. But there is simply no indication that plaintiff's OFLA claim was similar or reasonably related to her race-based claims, insofar as plaintiff's OFLA claim is premised on a different statute and nothing suggests BOLI investigated any medical or leave based allegations. *Cf. Ashcroft*, 556 U.S. at 678 ("plausibility" is incongruous with "a sheer possibility" standard). The complaint therefore does not currently state a plausible or timely OFLA claim.

## RECOMMENDATION

For the reasons stated herein, LFL's Partial Motion to Dismiss (doc. 5) should be granted. Plaintiff's request for oral argument is denied as unnecessary.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections

Page 6 – FINDINGS AND RECOMMENDATION

to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 22nd day of April, 2025.

        /s/ Jolie A. Russo
        Jolie A. Russo
    United States Magistrate Judge

Page 7 – FINDINGS AND RECOMMENDATION